**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GERLICHER COMPANY, LLC, an Oregon limited liability company; and OK LAKES, LLC, a Washington limited liability company,<br><br>    Plaintiffs,<br><br>v.<br><br>STANDRIDGE OF TULSA, LLC, an Oklahoma limited liability company; and PINION CONSTRUCTION, INC., an Oklahoma corporation,<br><br>    Defendants,<br><br>and<br><br>PINION CONSTRUCTION, INC., an Oklahoma corporation, and STANDRIDGE OF TULSA, LLC, an Oklahoma limited liability company,<br><br>    Third-Party Plaintiffs,<br>v.<br><br>CHASE FETTERS HEWITT–ARCHITECTS, a general partnership; REGGIO MASONRY, INC., an Oklahoma corporation; and METRO GLASS, INC., an Oklahoma corporation,<br><br>    Third-Party Defendants. | Case No. 09-CV-461-GKF-TLW |

**OPINION AND ORDER**

This matter comes before the court on the Motion to Dismiss Count IV of plaintiffs' Second Amended Complaint [Dkt. # 75] filed by defendant Standridge of Tulsa, LLC ("Standridge") pursuant to Fed.R.Civ.P. 9(b).

In Count IV of their Second Amended Complaint, plaintiffs allege "Negligent/False Misrepresentation" against Standridge in connection with the purchase and sale of commercial real property located at 9021 East 21st Street in Tulsa, Oklahoma. Upon review of the Second Amended

Complaint and the arguments presented by the parties, the court concludes the Motion to Dismiss must be granted. For the third time in this case,[1] plaintiffs' claim of negligent/false representation fails to satisfy the particularity requirements of Rule 9(b).

Count IV alleges that Standridge committed fraud by false representation. To survive a motion to dismiss, plaintiffs' allegations must satisfy the heightened pleading requirements of Fed.R.Civ.P. 9(b). Rule 9(b) requires a plaintiff to assert, "[a]t a minimum, . . . the who, what, when, where and how of the alleged fraud." *U.S. ex. rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-27 (10th Cir. 2006) (internal quotation marks and citation omitted); *see Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir.1991) (holding that a complaint must "set forth the time, place and contents of the false representation, the identity of the party making the false statement and the consequences thereof").

Here, plaintiffs' Second Amended Complaint fails to "state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). In paragraphs forty-two through forty-seven, plaintiffs merely restate the allegations of fraud contained in paragraphs thirty-seven through forty-two of the First Amended Complaint. The only modification plaintiffs have made to their earlier, inadequate complaint is the addition of five paragraphs that allege Standridge knew or should have known about certain construction defects that were, presumptively, not disclosed to plaintiffs. [Second Amended Complaint, Dkt. # 67, ¶¶ 37-41]. These additional allegations, however, speak only to Standridge's knowledge of the fraud or mistake, which under Rule 9(b)

---

[1] Standridge has now filed three separate motions to dismiss plaintiffs' claims of negligent/false representation. Standridge first moved to dismiss the claim contained in plaintiffs' initial Complaint. In response to that motion, plaintiffs filed a First Amended Complaint. Standridge filed a second motion to dismiss the amended complaint. The court then found Standridge's first motion to be moot. The court granted the second motion to dismiss, concluding that plaintiffs had failed to plead fraud with particularity. Plaintiffs then filed their Second Amended Complaint, to which the instant motion is directed.

"may be alleged generally." What a party must "state with particularity" – and what plaintiffs failed to detail in their Second Amended Complaint – are the "*circumstances constituting fraud or mistake*" *Id.* (emphasis added).

In short, the Second Amended Complaint fails to state with particularity the circumstances surrounding the alleged fraud or mistake, and therefore fails to correct the deficiencies of the tow earlier complaints. Count IV of the Second Amended Complaint makes no mention of the date on which the misrepresentations by Standridge allegedly occurred or the place where they were allegedly made. And although plaintiffs hint at the content of those representations, the plaintiffs' allegations fail to set forth the content of the representations with the requisite specificity. *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir.2001) (to satisfy Rule 9(b), the complaint must set forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statment and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud" (quotation marks and citation omitted)).

In response to the motion, plaintiffs attempt to cure any defect by introducing the affidavits of Marilyn Beem [Dkt. # 91-2] and Steven Gerlicher [Dkt. # 91-3]. However, "a complaint cannot be modified by a party's affidavit or by papers filed in response to a dispositive motion to dismiss . . . ." *Brownstone Inv. Group, LLC, v. Levey*, 468 F. Supp. 2d 654, 660 (S.D.N.Y.2007). The Second Amended Complaint does not contain the information stated in the affidavits, nor does it incorporate any affidavits by reference. *See id.* Therefore, this court will not consider the affidavits for the purpose of disposing of the instant motion.

Plaintiffs ask in their response for leave to amend their complaint a third time. Rule 15 states

3

that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). However, leave to amend may be refused on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir.2005). This court finds that leave to amend must be refused in light of plaintiffs' repeated failure to cure the deficiencies in their complaints. The claims of negligent/false misrepresentation set forth in the Complaint, the First Amended Complaint, and the Second Amended Complaint have all failed to satisfy the requirements set forth in Rule 9(b). Standridge has filed three separate motions to dismiss based on plaintiffs' failure to comply with that rule. Plaintiffs have had two opportunities to correct the defect, but they have failed to do so. Given the plaintiffs' repeated failure to cure the deficiencies by their previous amendments, the undue delay inherent in these repeated failures, and the prejudice a fourth iteration would impose on the opposing party, the court declines to grant plaintiffs further leave to amend. *Coulter v. State of Oklahoma*, CIV-05-0946-F, 2006 WL 15486, at * 3 (W.D.Okla. Jan. 4, 2006) (declining to allow leave to amend due, in part, to plaintiff's failure to cure the deficiencies in the previous amendment allowed).

WHEREFORE the Motion to Dismiss Count IV of plaintiff's Second Amended Complaint [Dkt. # 75] is granted.[2]

IT IS SO ORDERED this 27th day of July, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

[2] The court will address the plaintiffs' separate and subsequently-filed Motion for Leave to File an Amended Complaint and Add a Party [Dkt. # 110] in a separate order.